UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANI SALEM,

               Plaintiff,

        -against-

FOAUD AHMED MAHMOUD; AHMED
FOAUD AHMED MAHMOUD,

               Defendants.

1:26-CV-1345 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Amani Salem, an American citizen residing on Staten Island, Richmond County, New York, who appears *pro se*, filed this action naming as defendants: (1) Foaud Ahmed Mahmoud, an electrical engineer who is a citizen of Egypt and/or Kuwait, and who resides in Cairo, Egypt, or in Kuwait; and (2) his son, Ahmed Foaud Ahmed Mahmoud, an information technology engineer who is also a citizen of Egypt and/or Kuwait, and who also resides in Cairo, Egypt, or in Kuwait. Plaintiff invokes the court's federal question jurisdiction, asserting claims for damages arising from an "internet date breach, hacking, [and] stalking." (ECF 1, at 5.) For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the appropriate venue provision for Plaintiff's claims, this action must be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Because neither defendant is alleged to reside in the United States of America, let alone within this judicial district,[1] neither this court, nor any other federal district court, is a proper venue for this action under Section 1391(b)(1).

Plaintiff seems to allege, however, that a significant portion, if not all, of the events that are the basis for her claims took place where she resides, on Staten Island, Richmond County, New York, and not in this judicial district. Richmond County lies within the Eastern District of New York.[2] *See* 28 U.S.C. § 112(c). Thus, while this court does not appear to be a proper venue for this action under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action, under that provision.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This court does not appear to be a proper venue for this action, and most, if not all, of the alleged events took place in the Eastern District of New York. Because the federal district court for that judicial district is a proper venue for this

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

2

action under Section 1391(b)(2), in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3